USCA1 Opinion

 

 April 15, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2370 HPY, INC., Plaintiff-Appellant, v. ELECTRIC POWER AUTHORITY, ET AL., Defendants-Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Boudin, Circuit Judge, _____________ and Burns, Senior District Judge. _____________________ ____________________ Francisco J. Amundaray-Rodriguez, Mirta E. Rodriguez-Mora, ____________________________________ __________________________ Attorney, Department of Justice, Adrian Mercado and Mercado & Soto on ______________ ______________ brief for appellant. Reina Colon De Rodriguez, Acting Solicitor General, Department of ________________________ Justice, Carlos Lugo Fiol, Assistant Solicitor General, Department of ________________ Justice, Arturo Trias, Miguel R. Garay Auban, Pedro Santiago-Torres, _____________ ______________________ _____________________ Jorge Marrero Narvaez, and Trias, Acevedo & Otero on brief for _______________________ _________________________ appellees. ____________________ ____________________ ________________________ * Of the District of Oregon, sitting by designation. Per Curiam. HPY, Inc., brought this action under 42 __________ U.S.C. 1983 against three public authorities in Puerto Rico, certain of their officials, and John Does 1 through 1,000. The agencies are the Electric Power Authority, the Puerto Rico Aqueduct and Sewer Authority and the Rural Housing Administration. The heart of the complaint was the following allegation: On or about 1985, squatters, without valid title or authorization from the plaintiff started massive land invasions on said properties [belonging to plaintiff]. The squatters, also Defendants of [sic] this suit, encouraged and abetted by the other Defendants, proceeded to construct or build shacks and houses on Plaintiff's properties. This, said the complaint, comprised a deprivation of property rights "without due process and without due compensation." The defendants moved to dismiss the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In opposing the motion, HPY offered a few more factual allegations. Specifically, it alleged that squatters had occupied its land and that some or all of the named defendants had encouraged the invasion and abetted the squatters by supplying public facilities like power to the squatters and even constructing or assisting the squatters to construct shacks. The district court ultimately dismissed the complaint, with prejudice, for failure to state a claim, observing that "we are as likely to squeeze blood from a -2- -2- stone as we are to squeeze any more facts from this complaint . . . ." HPY appeals.1 We affirm the district court. Section 1983 creates a claim for injuries done by anyone who "acting under color of" state law deprives the victim of any "rights, privileges, or immunities" protected under the Constitution. The original complaint did not explain what the named defendants had done under color of state law, but we will take the complaint on this appeal as illuminated by HPY's oppositions to the motions to dismiss. Even in this posture, and allowing HPY the benefits of liberal pleading rules, 5 Wright & Miller, Federal Practice and Procedure 1219 (1990), we cannot see _______________________________ how HPY can premise a claim under section 1983 upon the facts alleged. We will assume arguendo that the color of state law ________ requirement is met as to the named defendants (since they are governmental entities and officials) and that HPY's property has been physically occupied and its value diminished. But if the actions of the named defendants are not authorized by local law or regulation, then there is no constitutional ______________ violation so long as local law affords a remedy for any tortious misconduct. Hudson v. Palmer, 468 U.S. 517, 533 ______ ______ ____________________ 1After filing its brief with this court, HPY filed two informative motions. One motion amended a page reference included in its brief; the second provided us with supplemental support for its argument. We grant both motions. -3- -3- (1984) (unauthorized property seizure of state employees not a constitutional deprivation if state remedy afforded). Defendants assert that there is a remedy under local law, 32 L.P.R.A. 3077. HPY neither alleged the absence of such a remedy in the complaint nor countered defendants' assertion in this court (HPY did not file a reply brief). Alternatively, if HPY is alleging that the abetting of the trespass is authorized by Puerto Rican law, conceivably a taking claim would arise and the Constitution would require compensation. But again there is no constitutional deprivation so long as Puerto Rico provides an appropriate remedy to secure compensation for takings. Williamson __________ Planning Commission v. Hamilton Bank, 473 U.S. 172, 194 ____________________ ______________ (1985). Once again, the defendants assert that such a remedy exists under Puerto Rican law, see Culebras Enterprises Corp. ___ __________________________ v. Rivera Rios, 813 F.2d 506, 513 (1st Cir. 1987), and once ___________ again there is no contrary allegation in the complaint and no counter to defendants' assertion by way of reply brief. HPY also complains that the dismissal should have been without prejudice in light of the liberal leave-to-amend policies followed by the courts. Here, however, HPY filed an utterly uninformative complaint. We have effectively treated the additional material scattered in its three oppositions filed in the district court as amendments to the complaint. Even so, HPY has still failed to state a claim, nor has it -4- -4- filed a reply in this court responding to the authorities just recited (which were set forth in the answering briefs). Accordingly, we do not think that the dismissal with prejudice represents an abuse of discretion. Affirmed. ________ -5- -5-